UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENITO DRAKE,

    Petitioner,

v.             CASE NO. 07-CV-12094
              HONORABLE VICTORIA A. ROBERTS

MARY BERGHUIS,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION
## TO HOLD HABEAS PETITION IN ABEYANCE

I.  Introduction

  This is a habeas case under 28 U.S.C. § 2254. Kenito Drake ("Petitioner"), a Michigan prisoner, was convicted of three counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct following a jury trial in the Wayne County Circuit Court in 2002 and was sentenced to concurrent terms of 20 to 40 years imprisonment and 10 to 15 years imprisonment. In his current petition, Petitioner raises claims concerning the exclusion of evidence, denial of a motion for new trial regarding new evidence, the admission of threats to the victim, prosecutorial misconduct, and ineffective assistance of counsel. This matter is before the Court on Petitioner's motion to hold this case in abeyance until a state court motion for relief from judgment is resolved. For the reasons stated, the Court denies Petitioner's motion.

II.  Discussion

  Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same claims contained in the present petition. The Michigan Court of Appeals affirmed his convictions. *See People v. Drake*, No. 254806, 2005

1

WL 602541 (Mich. Ct. App. March 15, 2005). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Drake*, 474 Mich. 1067, 711 N.W.2d 300 (Feb. 27, 2006). Petitioner also filed a petition for a writ of certiorari with the United States Supreme Court, which was denied. *See Drake v. Michigan*, _ U.S. _, 127 S. Ct. 95 (Oct. 2, 2006).

Petitioner submitted his federal habeas corpus petition to prison officials for mailing on May 10, 2007. Respondent filed an answer to the petition on February 1, 2008 asserting that it should be denied for lack of merit. Petitioner has now filed a motion to hold this habeas case in abeyance pending the outcome of a state court motion for relief from judgment, which he says was filed on January 28, 2008. Petitioner does not indicate what claims are raised in that motion.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

It appears that Petitioner seeks to hold his habeas petition in abeyance so that he may exhaust his state court remedies as to additional claims. A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state

courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). This stay and abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

In this case, Petitioner has not shown the need for a stay. His current claims are exhausted and the one-year limitations period applicable to habeas actions does not pose a concern. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period did not begin to until October 2, 2006 when the United States Supreme Court denied certiorari on direct appeal. It then ran for approximately 220 days until May 10, 2007 when Petitioner submitted his habeas petition to prison officials for mailing. The one-year period will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003). While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by this Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Given that 145 days of the one-year limitations period remains, Petitioner has sufficient time in which to exhaust additional issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

Additionally, Petitioner has not shown good cause for failing to previously raise his

additional claims in the state courts. The Court notes that lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007). Petitioner has also not identified the claims he is pursuing in the state courts. Consequently, the Court is unable to determine whether such claims concern matters of federal law and are not plainly meritless. Given such circumstances, a stay is unwarranted.

III.    Conclusion

Accordingly, for the reasons stated, the Court **DENIES** Petitioner's motion to hold his habeas petition in abeyance. Should Petitioner wish to have the Court dismiss the present petition, which contains only exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within 30 days of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the present petition. The Court makes no determination as to the merits of Petitioner's claims.

**IT IS SO ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 21, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on March 21, 2008.

s/Carol A. Pinegar
Deputy Clerk

4